UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMGUARD INSURANCE COMPANY

Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

CV-1:24-cv-08446-JPO

PROTECTIVE ORDER

ALLSTATE INSURANCE COMPANY

Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

CV-1:25-cv-00139-JPO

J. PAUL OETKEN, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal;

WHEREAS, the Parties acknowledge that locations of Con Edison's facilities and infrastructure, and all documents identifying those locations, must remain confidential and outside of the public domain to ensure the safety of the company, the company's employees and contractors, the company's customers, and the general public;

WHEREAS, the Parties further acknowledge that Con Edison documents identifying the location of the company's critical infrastructure such as but not exclusively: mains, distribution facilities, system mapping, and infrastructure layouts, are not a matter of public information and are deemed CONFIDENTIAL;

WHEREAS, the Parties agree that Con Edison has provided copies of documents under this Confidentiality Agreement solely for the purposes of this litigation;

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) previously nondisclosed material that constitutes trade secrets or other confidential research, proprietary, development, financial or commercial information not reasonably available to the public;

(f) confidential settlement agreements and/or negotiations;

(g) confidential information regarding clients;

(h) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall

disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the parties, including in-house counsel and outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same;

(j) a party's insurers, reinsurers or auditors; and

(k) such other persons as may be subsequently designated by either written agreement of the Parties after a request by one of them, or by Order of this Court upon motion of any Party, after notice to the opposing Party.

7. Prior to any disclosure of any Confidential Discovery Material to any person

referred to in subparagraphs 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Individuals and entities permitted access to Confidential Discovery Material must agree to return it to the designating party upon completion of this litigation. The Parties shall notify Con Edison and the Court in writing if any Confidential Discovery Document is misplaced, lost, stolen, or accessed electronically by an unauthorized user. Notification shall be made within twenty-four (24) hours of the discovery of the misplacement, loss, theft, or unauthorized access. Written notification to Con Edison shall be made to Grant C. Wright at Con Edison, 4 Irving Place, Room 18-242, New York, New York 10003.

9 All copies of any document which are marked “Confidential” or “Confidential Discovery Material” shall be treated as confidential and subject to the terms of this Agreement.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court’s Individual Rules and Practices in Civil Cases.

11. Any Party who requests additional limits on disclosure (such as “attorneys’ eyes only” in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court’s Individual Rules and Practices in Civil Cases.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto,

and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose, use it in consultation with any of the designated party's competitors or make any public disclosure of the contents thereof. Confidential Discovery Material containing information relating to non-parties shall not be used to contact those non-parties except for the purpose of developing evidence for use in this Lawsuit or as otherwise required in connection with the prosecution or defense of this Lawsuit. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. In the event any Party desires to file a document marked as "Confidential" or "Confidential Material" with the Court, the document shall be filed under seal in accordance with the applicable Local Rules relating to Sealing of Court Records. Prior to any Confidential Discovery Material being filed with the Court, the parties will conduct a phone call to discuss procedures for filing.

15. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

17. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

18. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. The Parties agree that the execution of this Agreement shall not constitute a waiver of any rights existing under any applicable law or court rules, including the attorney-client privilege and the work product doctrine.

23. The Parties agree that this Confidentiality Agreement contains all representations and agreements regarding the confidentiality of the Confidential Discovery Material. There can be no oral modification or revision of this agreement by anyone. Modifications to this Confidentiality Agreement may only be done in writing, signed by the Parties.

24. If any provision of this Confidentiality Agreement is deemed void by law or unenforceable, the remaining provisions shall continue in full force and effect.

SO STIPULATED AND AGREED.

Thomas M. DeMicco, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
90 Merrick Avenue, Suite 700
East Meadow, NY 11554
Telephone: (516) 535-0361

William M. Brennan, Esq.
de Luca Levine LLC
301 E. Germantown Pike, Third Floor
East Norriton, PA 19401
(215) 310-4732

Thomas.DeMicco@wilsonelser.com
*Attorneys for Defendant*
CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.

wbrennan@delucalevine.com
*Attorneys for Plaintiff*
AMGUARD INSURANCE
COMPANY

*Gerald F. Kirby*

By: Gerald F. Kirby, Esq.
Feldman, Rudy, Kirby & Farquharson, P.C.
410 Jericho Turnpike – Suite 315
Tel.: (516) 334-2500
Email: gkirby@feldmanrudy.com
*Attorneys for Plaintiff*
Allstate Insurance
Company a/s/o Carmen Brooks

SO ORDERED

Dated: July 23, 2026

J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMGUARD INSURANCE COMPANY,

Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

1:24-cv-08446-JPO

NONDISCLOSURE AGREEMENT

ALLSTATE INSURANCE COMPANY, a/s/o CARMEN BROOKS,

Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

CV-1:25-cv-00139-JPO

I, ______________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: